**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER JOHN TOBIE,

Defendant - Appellant.

No. 09-50617

D.C. No. 2:08-cr-01300-GW-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 11, 2011
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Defendant/Appellant Christopher Tobie pled guilty to possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals his

conditional plea, arguing that the FBI obtained self-incriminating statements

during a custodial interview that were used against him in violation of *Miranda v.*

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Arizona*, 384 U.S. 436 (1966), and that he was coerced into a confession. We agree with the district court that Tobie was not in custody. Two F.B.I. agents asked politely if they could enter Tobie's home, and the interview lasted about 45 minutes. He was never physically restrained. Only the two agents were present, and neither showed Tobie their gun. They never raised their voices. Tobie sat on the couch, and the agents sat across from him. He was told twice that he was not under arrest. Although Tobie's girlfriend was asked to stay out of the room, this did not turn Tobie's own home into such a "police dominated environment" that he was in custody. *Compare U.S. v. Craighead*, 539 F.3d 1073, 1078 (9th Cir. 2008) (suspect subjected to custodial interrogation at his home where eight officers from three different law enforcement agencies were present; suspect was isolated from one of his superior, meant to provide moral support; suspect was interrogated in a storage room; and officer in a flak-jacket stood guard with his back to the room's only exit during interrogation).

We also agree with the district court that Tobie was not subjected to such extreme psychological pressure that his admission was rendered involuntary. The tone of the conversation was quiet and reasonable. Although officers applied a modest amount of psychological pressure to Tobie by coming to his house at an early hour and saying that they knew he possessed child pornography, this is

insufficient to find that his confession was involuntary. We have held confessions under much more extreme circumstances to be voluntary. *See, e.g. U.S. v. Crawford*, 372 F.3d 1048, 1051-52, 1060-61 (9th Cir. 2004) (en banc); *U.S. v. Haswood*, 350 F.3d 1024, 1027-29 (9th Cir. 2003).

AFFIRMED.